UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRENT MOHLMAN, | Case No. 17-11143 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| | U.S. MAGISTRATE JUDGE |
| RE/MAX REALTORS, ET AL., | R. STEVEN WHALEN |
| Defendants. | |

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2]; DISMISSING CASE**

Plaintiff Brent Mohlman filed a *pro se* Complaint [1] and an Application to Proceed *In Forma Pauperis* [2] on April 11, 2017. The Court may authorize the commencement of a suit "without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets . . . [indicating] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Plaintiff has submitted an affidavit showing sufficient indicia of poverty. The Court will therefore grant Plaintiff's Application to Proceed *In Forma Pauperis* [2].

28 U.S.C. § 1915(e)(2) "requires courts to dismiss in forma pauperis complaints that fail to state a claim [upon which relief may be granted], and applies to complaints filed by non-prisoners as well as prisoners." *Baker v. Wayne Cnty. Family Independence Agency*, 75 F. App'x 501, 502-03 (6th Cir. 2003) (citing *Benson v. O'Brian,* 179 F.3d 1014, 1016 (6th Cir. 1999); *McGore*, 114 F.3d at 608-09). To survive § 1915(e)(2) screening, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). The complaint must include enough factual detail to present more than "conclusory and unadorned assertions" or "legal conclusions couched as factual allegations." *See Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369, 379 (6th Cir. 2011). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Plaintiff has been involved in litigation in this District for quite some time. *See, e.g.*, *Mohlman v. Deutsche Bank Nat'l Trust Co.*, No. 15-13489; *Mohlman v. Deutsche Bank Nat'l Trust Co.*, No. 15-11085; *Mohlman v. Long Beach Mortg.*, No. 12-10120. It appears that most of the claims in those cases revolve around a mortgage on property located at 19042 Irving Street in Livonia, Michigan. All of these cases were dismissed with prejudice.

In this case, Plaintiff alleges a violation of the Fair Debt Collection Practices Act ("FDCPA") and a claim of abuse of legal process. According to Plaintiff, Defendant Mary Grace Liparoto violated the FDCPA "by making several annoying telephone calls" to him regarding the Irving Street property. Liparoto called Plaintiff on January 24, 2017 and informed him that he was trespassing on that property. Liparoto also threatened to have towed a trailer that was parked in the driveway and she and her agents[1] caused over $2,200 worth of damages to Plaintiff's personal property located at 19042 Irving Street.

Plaintiff states that Liparoto filed a false report with the Livonia Police Department on April 9, 2017. Plaintiff and his son had removed a newly purchased washing machine and dryer from the Irving Street house and placed them in Plaintiff's vehicle. Liparoto wrongfully accused Plaintiff and his son of stealing the washer and dryer. Plaintiff believes Liparoto acted "with the ulterior motive" to have him arrested and removed from the Irving Street property "so she could get a commission for sale of said property." Liparoto and Defendant Re/Max Realtors misused the Livonia Police Department's legal process and their actions traumatized Plaintiff's two young grandchildren.

Plaintiff appears to accuse Defendant Liparoto of violating the FDCPA, 15 U.S.C. § 1692 *et seq.*, "by making several annoying telephone calls to plaintiff

---

[1] Plaintiff does not identify Liparoto's agents.

regarding" the Irving Street Property. This is Plaintiff's only claim under federal law. This allegation does not state a FDCPA claim. The FDCPA applies only to debt collectors, which are defined as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6) (emphasis added). Plaintiff does not allege that Defendant Liparoto is a debt collector within the meaning of the FDCPA, and therefore, he fails to state a claim upon which relief can be granted. The Court will dismiss the FDCPA claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The dismissal of Plaintiff's federal claim leaves the Court without subject-matter jurisdiction. Even if the Court has authority to exercise supplemental jurisdiction over Plaintiff's state-law claim, the Court declines to do so. 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction). Plaintiff has not set forth any other basis for subject-matter jurisdiction over his state-law abuse of process claim. Because the Court lacks subject-matter jurisdiction, it will dismiss this case. FED. R. CIV. P. 12(h)(3). Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim under the FDCPA is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** for lack of subject-matter jurisdiction.

**SO ORDERED**.

Dated: April 28, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge